```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF OKLAHOMA

KIM NITCHOL,                    )
                                )
            Plaintiff,          )
                                )
v.                              )    Case No. CIV-14-229-FHS-KEW
                                )
CAROLYN W. COLVIN, Acting       )
Commissioner of Social          )
Security Administration,        )
                                )
            Defendant.          )
```

## REPORT AND RECOMMENDATION

Plaintiff Kim Nitchol (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on December 29, 1967 and was 44 years old at the time of the ALJ's decision.  Claimant obtained a GED.  Claimant has worked in the past connecting wires to motors.  Claimant alleges an inability to work beginning March 20, 2012 due to limitations resulting from migraines with nausea and vomiting, pain, Grave's disease, and numbness in the hands and feet.

**Procedural History**

On March 27, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act.  Claimant's application was denied initially and upon reconsideration.  On December 4, 2012, Administrative Law Judge ("ALJ") Doug Gabbard, II conducted an administrative hearing by video presiding from McAlester, Oklahoma while Claimant appeared in Fort Smith, Arkansas.  On March 8, 2013, the ALJ issued an unfavorable decision.  The Appeals Council declined to review the decision on April 14, 2014.  As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation.  He determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform light work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to fully and fairly develop the record; (2) failing to include all of her impairments at step two; (3) reaching an improper RFC; and (4) making unsupported findings at step five.

**Duty to Develop the Record**

4

In his decision, the ALJ determined Claimant suffered from the severe impairments of obesity and affective disorder. (Tr. 20). The ALJ concluded Claimant retained the RFC to perform light work except she could perform only unskilled work where supervision is simple, direct, and concrete; interpersonal contact with supervisors and co-workers is incidental to the work performed and she could have no contact with the general public. (Tr. 22). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of housekeeper/cleaner and hand bander. (Tr. 27). Based upon this finding, the ALJ determined Claimant was not under a disability for the period from November 20, 2010 through the date of the decision. Id.

Claimant first suggests the ALJ erred by failing to obtain a medical source statement from her treating physicians in order to ascertain their opinions concerning Claimant's functional limitations. Claimant contends the ALJ failed to contact her treating source, failed to order a consultative physical examination, and failed to obtain a medical source statement from either of these professionals to ascertain the combined effect of Claimant's impairments. As an initial matter, Claimant's assertion that the ALJ erred by not obtaining medical source statements is not legally supported. Certainly, the regulations generally

require that the adjudicators request medical source statements from acceptable medical sources with their reports. Soc. Sec. R. 96-5p. However, nothing in the regulations require the reversal and remand of a case because such statements were not obtained. Indeed, the regulations expressly state that "the absence of such a statement in a consultative examination report will not make the report incomplete." 20 C.F.R. § 416.919n(c)(6); *see also* 20 C.F.R. §§ 404.1513(b)(6), 416.913(b)(6); Branam v. Barnhart, 385 F.3d 1268, 1273 (10th Cir. 2004). Therefore, the failure of the ALJ to obtain a statement from any medical professional does not constitute reversible error.

Claimant also contends the ALJ should have re-contacted "Plaintiff's treating source." She does not specify which treating source should have been re-contacted or why such action was necessary. The ALJ is only required to re-contact a physician if the evidence in the record is inadequate to make a determination. 20 C.F.R. §§ 404.1512, 404.1520b(c). Rejecting a physician's opinion does not require re-contacting the physician but rather the lack of evidence triggers the obligation to re-contact. White v. Barnhart, 27 F.3d 903, 908 (10th Cir. 2002). The evidence in the record was ample for the ALJ to adjudicate this case without re-contacting any treating physician.

6

Claimant also states that a consultative physical examiner should have been retained. Again, she does not state exactly what evidence was lacking or in conflict which would require the retention of a consultative physical examiner. Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a claimant is represented by counsel. Baca v. Dept. of Health & Human Services, 5 F.3d 476, 480 (10th Cir. 1993). The court, however, is not required to act as a claimant's advocate. Henrie, 13 F.3d at 361.

The duty to develop the record extends to ordering consultative examinations and testing where required. Consultative examinations are used to "secure needed medical evidence the file does not contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision." 20 C.F.R. § 416.919a(2). Normally, a consultative examination is required if

> (1) The additional evidence needed is not contained in the records of your medical sources;
>
> (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, . . .
>
> (3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;
>
> (4) A conflict, inconsistency, ambiguity or insufficiency in the evidence mus be resolved, and we are unable to do so by recontacting your medical source; or
>
> (5) There is an indication of a change in your condition that is likely to affect your ability to work.
>
> 20 C.F.R. § 416.909a(2)(b).

This Court does not perceive that any of the factors which might compel the ordering of a consultative examination to be present in this case. No conflict in the medical evidence exists, Claimant's condition does not require the evaluation by highly specialized experts, no change of condition has been suggested, and the need for additional evidence is not indicated. As a result,

the ALJ did not err in failing to obtain a consultative examiner.

**Step Two Analysis**

Claimant next asserts the ALJ should have included additional severe impairments of cervical dystonia, degenerative disc disease of the cervical spine, migraine headaches, and another unspecified condition which causes tremors in her hands. Where an ALJ finds at least one "severe" impairment, a failure to designate another impairment as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps considers the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. Brescia v. Astrue, 287 F. App'x 626, 628–629 (10th Cir. 2008). The failure to find that additional impairments are also severe is not cause for reversal so long as the ALJ, in determining Claimant's RFC, considers the effects "of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'" Id. quoting Hill v. Astrue, 289 F. App'x. 289, 291–292, (10th Cir. 2008).

Moreover, the burden of showing a severe impairment is "de minimis," yet "the mere presence of a condition is not sufficient to make a step-two [severity] showing." Flaherty v. Astrue, 515

9

F.3d 1067, 1070-71 (10th Cir. 2007) quoting Williamson v. Barnhart, 350 F.3d 1097, 1100 (10th Cir. 2003); Soc. Sec. R. 85-28. At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

The ALJ addressed these additional conditions in his decision but found that the conditions were treated with medication and did not impose functional limitations. (Tr. 20-21). The ALJ's findings are supported by the record. Indeed, in some instances, Claimant herself quit taking her medication which was contraindicated by her physician. (Tr. 236). This Court finds no error in the ALJ's step two findings.

**RFC Determination**

Claimant contends the same conditions listed above in her step two analysis should have also been included in the RFC determination. The ALJ adequately addressed these conditions in his decision, finding that they were appropriately treated with medication, did not present disabling pain, and did not present functional limitations which restricted Claimant's ability to engage in basic work activities. (Tr. 20-21). Moreover, the ALJ's RFC findings were supported by the physical RFC assessment completed Dr. Charles Clayton from November of 2011. (Tr. 325-28, 368). Her mental assessment is consistent with the opinions of Dr. Sharon Taber and Dr. Carolyn Goodrich. (Tr. 322, 367). This Court finds no error in the ALJ's RFC assessment.

**Step Five Analysis**

Claimant asserts the ALJ did not include all of her impairments in his hypothetical questioning of the vocational expert. "Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991). In positing a hypothetical question to the vocational expert, the ALJ need only set forth those physical and mental impairments accepted as true by the ALJ. Talley v. Sullivan, 908

11

F.2d 585, 588 (10th Cir. 1990). Additionally, the hypothetical questions need only reflect impairments and limitations borne out by the evidentiary record. Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996). Moreover, Defendant bears the burden at step five of the sequential analysis. Hargis, 945 F.2d at 1489. The ALJ's questioning did mirror Claimant's impairments and his RFC findings.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of September, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE